IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR M. COLE,

        Petitioner,               No. CIV S-06-2454 GEB DAD P

    vs.

D.L. RUNNELS, et al.,

        Respondents.        ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis.

        Pursuant to an order filed in this action on November 27, 2006, petitioner submitted a signed in forma pauperis application. The application filed December 14, 2006, together with the certificate and trust account statement attached to petitioner's initial application filed November 6, 2006, demonstrates that petitioner is unable to afford the costs of this suit. Accordingly, petitioner's application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on June 13, 2003. Petitioner alleges that he had a jury trial, was convicted of first degree burglary, attempted first degree robbery, assault with a firearm, second degree robbery,

1

1  and assault with the use of a firearm, and was sentenced to a term of 29 years and 8 months in
2  state prison.  Petitioner alleges that his conviction was affirmed by the California Court of
3  Appeal on September 28, 2004, and the California Supreme Court on a date unknown to
4  petitioner.

5  Petitioner alleges three grounds for relief in this court:  (1) denial of his right to
6  contest consecutive sentencing under Apprendi and Blakely; (2) insufficient evidence to support
7  conviction of assault with a firearm; and (3) a Miranda rights violation by the court in allowing a
8  non-Mirandized statement into evidence at trial.  Petitioner appear to allege that he intends to file
9  a state habeas petition raising ineffective assistance of counsel but had not yet done so when he
10 filed his federal petition because he believed his deadline was running out for filing in federal
11 court.  Attached to the back of petitioner's habeas petition is a motion for stay and abeyance.
12 Petitioner asserts that his claim of ineffective assistance of counsel was not exhausted on direct
13 appeal because he lacked evidence to present to the state courts due to a prison transfer.
14 Petitioner requests a stay  of this action so that he can amend his petition to add newly exhausted
15 claims at a later time.

16 District courts have the discretion to stay federal habeas proceedings while a
17 petitioner presents unexhausted claims to the state courts where there is good cause for the
18 petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.
19 Rhines v. Weber, 544 U.S. 269, 277 (2005).  "[S]tay and abeyance should be available only in
20 limited circumstances," and a stay "is only appropriate when the district court determines there is
21 good cause for the petitioner's failure to exhaust his claims first in state court."  Id.  The district
22 court should not grant a stay if the claims are plainly meritless.  Id.  Federal proceedings may not
23 be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to
24 state court to exhaust additional claims.  Id. at 277-78.

25 Petitioner's habeas petition and motion for stay and abeyance will be served on
26 respondents, and respondents will be directed to respond to petitioner's motion.  After the motion

has been briefed, the court will determine whether petitioner had good cause for failing to exhaust all claims before filing this action, whether petitioner's unexhausted claim is potentially meritorious, and whether petitioner acted with diligence.  See Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987 nn.8 & 11 (9th Cir. 1998) (failure to make a showing of diligence in pursuing additional claims may foreclose a stay).

Accordingly, IT IS ORDERED that:

1. Petitioner's December 14, 2006 application to proceed in forma pauperis, as supported by the previous application filed November 6, 2006, is granted;

2. Respondents shall file and serve a response to petitioner's motion for stay and abeyance within thirty days after this order is served;

3. Petitioner shall file and serve a reply to respondents' response within thirty days after respondents serve the response; and

4. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 upon Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: December 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
cole2454.motstay