IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR M. COLE,

    Petitioner,                    No. CIV S-06-2454 GEB DAD P

    vs.

D.L. RUNNELS,                     ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a motion for stay and abeyance. On December 20, 2006, the undersigned ordered respondent to file and serve a response to petitioner's motion. On January 19, 2007, respondent filed an opposition in the form of a motion to dismiss the petition. On February 21, 2007, petitioner filed a timely opposition to respondent's motion to dismiss.

## BACKGROUND

        Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on June 13, 2003. Petitioner alleges that he had a jury trial, was convicted of first degree burglary, attempted first degree robbery, assault with a firearm, and second degree robbery, and was sentenced to a term of 29 years and 8 months in state prison. The California

1

1 Court of Appeal affirmed petitioner's conviction on September 28, 2004. The California
2 Supreme Court denied his petition for review on December 22, 2004.

3 Petitioner's federal habeas petition was dated October 19, 2006, and was received
4 by the court for filing on November 6, 2006. Therein, petitioner alleges three grounds for relief:
5 (1) denial of his right to contest consecutive sentencing under the decisions in Apprendi and
6 Blakely; (2) insufficient evidence to support his conviction for assault with a firearm; and (3) a
7 Miranda rights violation because the trial court allowed a non-Mirandized statement into
8 evidence. Petitioner appears to allege that he intended to file a state habeas petition raising
9 ineffective assistance of counsel but had not yet done so when he filed his federal petition
10 because he believed his deadline was running out for filing a petition in federal court. Petitioner
11 attached to the back of his habeas petition a motion for stay and abeyance. Petitioner asserts that
12 his claim of ineffective assistance of counsel was not exhausted on direct appeal because he
13 lacked evidence to present to the state courts due to a prison transfer. Petitioner requests a stay
14 of this action so that he can amend his petition to add newly exhausted claims at a later time.

### RESPONDENT'S MOTION TO DISMISS

16 Respondent has filed an opposition to petitioner's motion for stay and abeyance in
17 the form of a motion to dismiss. Respondent contends that the Antiterrorism and Effective Death
18 Penalty Act of 1996 (AEDPA) applies to petitioner's November 6, 2006 petition filed in this
19 court. (Resp't's Mot. to Dismiss at 2.) Respondent argues that petitioner filed his petition for
20 writ of habeas corpus beyond the one-year statute of limitations set forth in 28 U.S.C. §
21 2244(d)(1) & (2). (Resp't's Mot. to Dismiss at 1.) Accordingly, respondent contends that the
22 court should deny petitioner's motion for stay and abeyance and dismiss this action with
23 prejudice. (Resp't's Mot. to Dismiss at 4.)

24 Respondent argues that petitioner had one year to file his federal habeas petition
25 from the date on which his judgment of conviction became final by the conclusion of direct
26 review or the expiration of time seeking such review. On September 28, 2004, the California

Court of Appeal for the Third Appellate District affirmed the judgment in petitioner's case. On December 22, 2004, the California Supreme Court denied petitioner's petition for review. (Resp't's Mot. to Dismiss at 2.) Petitioner's time to seek direct review ended on March 22, 2005, upon the expiration of the 90-day period following denial of review in which petitioner had to file a petition for writ of certiorari with the United States Supreme Court. (Resp't's Mot. to Dismiss at 2-3.) The one year statute of limitations period began running the following day, March 23, 2005. Respondent contends that the last day for petitioner to file a federal habeas petition was on March 22, 2006, plus any time for tolling. (Resp't's Mot. to Dismiss at 3.) However, petitioner's federal habeas petition was dated October 19, 2006, and was not received by this court for filing until November 6, 2006.

Respondent acknowledges that proper filing of a state post-conviction application with respect to the pertinent judgment tolls the one-year statute of limitations period. However, respondent contends that petitioner did not file any state post-conviction actions within the limitations period. In this regard, petitioner filed his sole state post-conviction challenge on November 29, 2006, more than eight months after the statute of limitations for filing a federal petition had expired. Thus, respondent contends that petitioner is not entitled to statutory tolling. (Resp't's Mot. to Dismiss at 3.)

Respondent concludes that it would be futile to grant petitioner's motion for stay and abeyance because petitioner's federal petition is time-barred under § 2244(d). Accordingly, respondent requests that the court deny petitioner's motion and dismiss this action with prejudice.

**PETITIONER'S OPPOSITION**

Petitioner argues that he did not file a post-conviction challenge before the statute of limitations expired because he was deprived access to the prison law library. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.) Petitioner alleges that the prison where he was incarcerated was on lock-down for 18 months, and only prisoners with proof of court deadlines were allowed to

conduct research about their defenses.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4-5.)  All other prisoners were subject to a waiting list.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 5.)

Petitioner emphasizes that he was not placed on lock-down due to something he did; all black and white inmates were placed on lockdown.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4.)  Petitioner argues that there is no way he could have known about a federal statute of limitations because he was deprived of access to materials to read about federal law and procedure.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 5.)  Petitioner concludes that he was subjected to circumstances beyond his control and requests that the court grant him relief from the statute of limitations.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4 & 8.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

        pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to petitioner's November 6, 2006 petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

        For purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment entered against petitioner on June 13, 2003, became final on March 22, 2005, ninety days after the California Supreme Court denied review on direct appeal on December 22, 2004. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner did not file any state petitions for collateral relief in the year following March 22, 2005. Thus, the one-year period of limitation ran without interruption from March 23, 2005, until it expired on March 22, 2006. Petitioner's federal habeas petition dated October 19, 2006, was received by the court for filing on November 6, 2006. Accordingly, petitioner's petition for writ of habeas corpus is untimely under the AEDPA statute of limitations unless he is entitled to equitable tolling.

III. Equitable Tolling

        Because petitioner's federal habeas petition was untimely, the court must dismiss it unless petitioner demonstrates that he is entitled to equitable tolling of the statute of limitations. The Supreme Court has held that,"a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). Equitable tolling will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In the present case, the court finds that petitioner has failed to demonstrate that he is entitled to equitable tolling.

5

First, petitioner has failed to demonstrate that he has been pursuing his federal claims diligently. Petitioner waited almost two years following the conclusion of his direct appeal from his conviction in state court to advance those claims. In attempting to justify that delay, petitioner alleges that the prison where he was incarcerated was on lockdown for 18 months, so that only prisoners with proof of court deadlines were allowed to conduct legal research. However, as petitioner acknowledges, all prisoners without proof of a court deadline were added to a waiting list in accordance with the Facility Captain's Lockdown Plan. Between March 23, 2005 and March 22, 2006, it does not appear that petitioner attempted to add his name to the waiting list. Petitioner apparently thought it would be futile to attempt to do so. As he notes in his opposition, "there wasn't any telling when you [would] be able to come to the law library" if added to the waiting list.[1] (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 5.) Although petitioner may not have gained immediate access to the prison law library, he has not presented any evidence demonstrating that prisoners on the waiting list were completely and indefinitely denied access to the library.[2]

Second, petitioner has not demonstrated that extraordinary circumstances beyond his control made it impossible for him to file a federal habeas petition on or before March 22, 2006. As noted above, the lockdown may have limited petitioner's access to the prison law library, but did not prevent him from adding his name to the waiting list and eventually obtaining such access. Limited access to the prison law library does not alone amount to the "extraordinary circumstances" necessary to support equitable tolling, particularly when it appears that petitioner's inaction was responsible for his delay in filing his petition.

---

[1] Petitioner's minimal effort to gain access to the library took place only after he filed his federal petition. On November 16, 2006, petitioner filed an inmate appeal requesting library access to photocopy his paper work. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at Ex. B.)

[2] "[T]he Constitution does not guarantee a prisoner unlimited access to a law library." Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). Prison officials are permitted to regulate the time, place, and manner in which prison library facilities are used. Id.

Under the circumstances set forth above, the court concludes that petitioner's November 6, 2006 petition for a writ of habeas corpus is time-barred. Accordingly, petitioner's request for a stay and abeyance should be denied,[3] and this action should be dismissed with prejudice.

**OTHER MATTERS**

In their motion to dismiss, respondent notes that Thomas Felker is the current Warden of High Desert State Prison, not D.L. Runnels. Accordingly, respondent requests that the court substitute Thomas Felker as respondent in this action. Good cause appearing, the court will grant respondent's request.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's request to substitute Thomas Felker, Warden of High Desert State Prison, for D.L. Runnels, is granted; and

2. The Clerk is directed to amend the court's docket accordingly.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's November 6, 2006 motion for stay and abeyance be denied;

2. Respondent's January 19, 2007 motion to dismiss be granted; and

3. This action be dismissed with prejudice because the petition for writ of habeas corpus was filed beyond the one-year statute of limitations.

DATED: July 23, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole2454.157

---

[3] The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). A district court should not grant a stay if petitioner's claims are plainly meritless. Id. Where, as here, petitioner's claims are time-barred, the granting of a stay and abeyance would be futile.

7